## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALICIA OAKES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-9743** |
| **COUNTRYWIDE HOME LOANS, INC.** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant Chad B. Ham (Doc. #69) is **DENIED**.

### BACKGROUND

Plaintiff, Alicia Oaks, owned a property in Indiana and a property in Louisiana. Defendant, Countrywide Home Loans, Inc., was plaintiff's mortgage lender on both properties. On March 31, 2006, plaintiff refinanced the mortgage on the Louisiana property. The closing was handled by Bell Title Corporation though its attorney, defendant, Chad B. Ham. Ham transmitted the payment for the Louisiana property to Countrywide, but Countrywide applied the money to plaintiff's Indiana property. Ham notified Countrywide of the mistake. Countrywide allegedly returned the money to Ham, and Ham executed an indemnification agreement in favor of Countrywide.

Plaintiff brought this action against Countrywide alleging that Countrywide's actions constitute fraud, negligence, and unfair trade practices. Countrywide filed a third-party complaint against Ham for indemnification pursuant to the indemnification contract. Countrywide also alleged that Ham was negligent, and that he is liable to it for detrimental reliance. Further, plaintiff amended her complaint to include Ham as a defendant, alleging that she did not know about the indemnification agreement between Ham and Countrywide, and that Ham has not accounted for the funds that he allegedly received from Countrywide.

On April 29, 2009, Ham filed for bankruptcy relief under chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Louisiana. On June 4, 2010, Ham filed a Notice of Suggestion of Pendency of Bankruptcy in this matter. On November 17, 2010, the bankruptcy court granted Ham a discharge under 11 U.S.C. § 727.

Ham filed a motion for summary judgment arguing that he is entitled to be dismissed from this suit because plaintiff and Countrywide had notice of the bankruptcy, took no action, and the debt has been discharged. Plaintiff argues that Ham's debt to her could not have been expunged by the bankruptcy judgment if Ham committed malpractice or fraud. She argues that this suit should not be dismissed until it is determined whether Ham committed malpractice or fraud.

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir.

1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Ham's Motion for Summary Judgment**

A discharge in bankruptcy under 11 U.S.C. § 727(b) "discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . ." 11 U.S.C. § 727(b).[1] Ham argues that he is entitled to summary judgment because his debts to plaintiff and Countrywide were discharged. Relying on 11 U.S.C. § 523(a)(6), plaintiff argues that her claims against Ham were not discharged because Ham committed malpractice or fraud.

Section 523(a)(6), provides that a discharge under section 727 does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." In Kawaauhau v. Geiger, 118 S.Ct. 974 (1998), the Supreme Court of the United

---

[1] "Debt" is defined as "liability on a claim." 11 U.S.C. § 101(12). A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Id. at § 101(5). Therefore, a lawsuit regarding a disputed claim that is pending when the bankruptcy petition is filed is a debt that arose before the order for relief.

States examined § 523(a)(6) in the context of medical malpractice. The court held that "nondischargability take a deliberate or intentional *injury*, not merely a deliberate or intention *act* that leads to injury[,]" and that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6). Id. at 977-78 (emphasis original). Plaintiff and Countrywide have not alleged that Ham intentionally injured plaintiff. Therefore, plaintiff's and Countrywide's claims against Ham are not nondischargable under § 523(a)(6).

However, a discharge under section 727(b) does not discharge a debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(4). Plaintiff alleges that Ham misappropriated funds that he received from Countrywide while acting as her attorney. There are disputed issues of material fact regarding whether Ham committed fraud or a defalcation while acting in a fiduciary capacity. Therefore, Ham is not entitled to summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant Chad B. Ham (Doc. #69) is **DENIED**.

New Orleans, Louisiana, this 20th day of January, 2011.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**