## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALICIA OAKES,** | *    **CIVIL ACTION NO. 07-cv-9743** |
| **Plaintiff,** | * |
| | *    **SECTION "S"** |
| **v.** | *    **Judge Mary Ann Vial Lemmon** |
| | * |
| **COUNTRYWIDE HOME LOANS, INC.,** | * |
| **Defendant.** | *    **DIVISION "5"** |
| | *    **Magistrate Judge Alma L. Chasez** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### BANK OF AMERICA OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, incorrectly named by Plaintiff as Countrywide Home Loans, Inc., submits its Opposition to the Motion for Summary Judgment filed by Third-Party Defendants Ark-La-Tex Financial Services, LLC and Patrick Holder.

### Introduction

In the unlikely event of an adverse judgment in favor of Plaintiff Alicia Oakes, Bank of America seeks indemnification for Third-Party Defendants' negligent or wrongful acts. It matters not whether Plaintiff's claim against the Third-Party Defendants sounds in tort or in contract; Bank of America's indemnity claim is quasi-contractual and independent. Liability attaches only if Oakes is awarded judgment against Bank of America. Because Bank of America's quasi-contractual indemnity claim is subject to a ten-year prescriptive period – not one-year as alleged by Benchmark and Holder – summary judgment must be denied as a matter of law.

### Factual Background

Briefly, Plaintiff Alicia Oakes obtained two mortgage loans that were serviced by Bank of

America: Loan #8843 in the principal amount of $109,600.00 secured by property in New Albany, Indiana, and Loan #9019 in the principal amount of $120,600.00 secured by property in New Orleans, Louisiana.

In March 2006, Oakes elected to refinance Louisiana Loan #9019 and chose loan officer Patrick Holder and Benchmark Mortgage to originate her new mortgage loan with a different lender. During that refinance, Patrick Holder and Benchmark Mortgage provided Oakes' attorney Chad Ham with a page from Oakes's credit report, with her Indiana Loan #8843 circled, and instructed Ham to obtain payoff information for Indiana Loan #8843. Ex. A, Excerpt from January 6, 2011 Deposition of Chad Ham.

On March 31, 2006, Audubon Title Company, through Ham, initiated a wire transfer of funds referencing payoff of Indiana Loan #8843 in the amount of $105,642.25 on behalf Oakes. As directed in the Funds Transfer Notification, Bank of America applied funds in the amount of $105,642.25 to Indiana Loan #8843, which was the exact amount required to satisfy the remaining balance on Indiana Loan #8843.

Bank of America issued and had recorded a Release of Mortgage in connection with the Indiana property, only to have Ham, on behalf of Oakes, contact Bank of America days later to say that the wrong loan was paid off. Ham said that Oakes intended to payoff and satisfy Louisiana Loan #9019, not Indiana Loan #8843.

In June 2006, Ham, also attorney for Bell Title Corporation, executed an Indemnification Agreement in favor of Bank of America, in connection with the reversal of the application of $105,642.25 to Loan #8843 and reinstatement of Indiana Loan #8843. Bank of America returned the $105,642.25 that had been mis-applied, but Ham never applied it towards Louisiana Loan #9019 nor

did he return the money to Oakes.

In May 2007, Oakes filed her lawsuit and Bank of America removed the action to this Court in December 2007. (Rec. Doc. No. 1.) To date, both Indiana Loan #8843 and Louisiana Loan #9019 remain unsatisfied, with Oakes having ceased making payments thereon since approximately April 2006.

## Argument

**A.    Bank of America's third-party indemnity claim is quasi-contractual.**

Benchmark and Holder contend that Plaintiff's claims against them sound in tort and have prescribed. They make the erroneous leap that Bank of America's claims must also have prescribed. Not so.

While it is true that Bank of America contends that Third-Party Defendants' negligence or wrongful acts resulted in the wrong mortgage loan being satisfied, Bank of America is not seeking damages from Third-Party Defendants. Rather, Bank of America seeks indemnification or contribution from Third-Party Defendants in the unlikely event that Bank of America is found liable to Oakes.

As Third-Party Plaintiff, Bank of America either may sue for damages for the wrongful act by which it has been injured or it may sue for the restoration of the loss incurred. One is an action in tort, or for a quasi-offense; the other is an action in quasi-contract. Whether a suit is in tort or in quasi-contract may only be answered by an analysis of the averments of the bill of complaint descriptive of the cause of action and the character of the relief prayed. *Kramer v. Freeman*, 198 La. 244, 3 So. 2d 609 (La. 1941); *Iberville Land Co. v. Amerada Petroleum Corp.*, 141 F. 2d 384, 385-86 (5th Cir. 1944).

A reading of Bank of America's Third-Party Complaint demonstrates that it is a claim for

indemnification or contribution; not a suit in tort. Specifically, Bank of America states as follows:

> [Bank of America] further prays that if judgment is rendered against [Bank of America] in any amount whatsoever, then there be judgment in [Bank of America's] favor, awarding [Bank of America] full reimbursement and/or contribution from Patrick Holder and Benchmark Mortgage for their negligence in providing the wrong loan number for payoff.

(Rec. Doc. No. 74.)    Accordingly, Bank of America's third-party claims are solely for indemnification or contribution, thus, a suit in quasi-contract.

The case upon which Benchmark and Holder rely to support their misplaced contention that Bank of America's third-party claim is subject to a one-year prescriptive period is inapposite and has no bearing upon the issues involved herein. The issue in *Landry* involved an impermissible retroactive application of law wherein the plaintiff sought damages from her husband's employer for loss of consortium arising from asbestos exposure. The court ruled that a claim for loss of consortium arises at the time the injured party's condition deteriorates to the point that his family is actually deprived of his society – not when the exposure occurred.[1] The problem for the *Landry* plaintiff was that the cause of action for loss of consortium did not exist at the time her husband was exposed to asbestos. Even though his condition deteriorated to the point that his family lost his society in 2001, after the cause of action was legislated, the court could not retroactively apply it. In sum, *Landry,* has nothing to do with the facts and circumstances of this case.

Here, Bank of America is not suing for damages but rather for indemnification. Because Bank of America's claim is not for damages caused by tortious acts, it is not subject to the one-year prescriptive period for torts.

---

[1] *Landry v. Avondale Industries, Inc.*, 864 So. 2d 117, 126 (La. 2003).

964124.1

**B.    Bank of America's indemnity claim is subject to a ten-year prescriptive period.**

    1.    **Bank of America's indemnity claim is an independent, quasi-contractual claim.**

Bank of America's third-party claims against Benchmark and Holder are based on the longstanding principle that a party whose liability results from the fault of others may recover by way of indemnity. *See Bewley Furniture Co., Inc. v. Maryland Cas. Co.*, 285 So. 2d 216 (La. 1973); *see also* La. Civ. Code art. 2315 (providing, in pertinent part that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."). Indemnity is a separate substantive cause of action, *independent of the underlying wrong. Nassif v. Sunrise Homes*, 98–3193 (La. 6/29/99); 739 So. 2d 183, 186. As the Supreme Court explained in *Nassif*, "[i]ndemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed." *Id.* at 185. Unless and until Bank of America is cast in judgment, it has discharged no liability for which to seek reimbursement from Benchmark Mortgage and Patrick Holder. A third-party defendant is liable to the third-party plaintiff only if the third-party plaintiff is cast in judgment. *Howard v. Baker Heritage Hosiery*, 96-335 (La. App. 5 Cir. 10/1/96); 683 So. 2d 827, 830. In other words, liability on a third-party demand is contingent upon the result of the main demand. *Burns v. McDermott, Inc.*, 95-0195 (La. App. 1 Cir. 11/9/95); 665 So. 2d 76, 79

Principles of quasi-contract may be applicable when two parties are liable for an injury, one because of fault or negligence, the other merely because of statutory requirements for duty, but without actual fault. *Illinois Cent. Gulf R. Co. v. Deaton, Inc.*, 581 So.2d 714, 717 (App. 4th Cir. 1991), *writ denied* 588 So.2d 1117. When the latter pays compensation for injury, it may sue the actual tort-feasor for indemnity on the principle of quasi-contract. *Id.* A party who is only technically liable and makes payment to an injured party has a right and cause of action for

contribution against the party whose negligence is the principal cause of the injury. *St. Paul Fire & Marine Ins. Co. v. Standard Cas. & Sur. Co.*, 3 So. 2d 463, 465 (La. App. 2 Cir. 1941). Such right is based on quasi or implied contract. *Id.*

2.    **A ten-year prescriptive period applies to quasi-contract claims for indemnity.**

The only prescription applicable to quasi-contracts is that of ten years. *Lagarde v. Dabon*, 98 So. 744, 746 (La. 1924). Actions in quasi-contract are not governed by the one-year prescriptive period of Civil Code Article 3536, but are governed by Article 3544 of the Louisiana Civil Code, which provides a ten-year proscriptive period. *See Kramer* 198 La. 244; *Whitten v. Monkhouse*, 29 So. 2d 800 (La. App. 2 Cir. 1947), *modified on other grounds*, 35 So. 2d 418 (1948); *see also* La. Civ. Code art. 3544 ("In general, all personal actions, except those before enumerated, and prescribed by ten years.").

Louisiana courts have found that in a claim for indemnification based on a tortious act, prescription begins to run when the indemnity claimant suffers the loss or damage, at the time of the payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof by the party seeking indemnity, *i.e.*, when the judgment has been cast. *Wiggins v. State Through Dept. Of Transportation and Development*, 97–0432 (La. App. 1 Cir. 5/15/98); 712 So. 2d 1006, 1011, *writ not considered*, 98–1652 (La. 9/25/98); 726 So. 2d 6; *Carpenter v. Lafayette Woodworks, Inc.*, 504 So. 2d 179 (La. App. 3 Cir. 1987). Bank of America has not yet suffered any loss as a result of an adverse judgment. Accordingly, the ten-year prescriptive period for its indemnification claim does not begin to run until such judgment is rendered. If Oakes obtains judgment against Bank of America, the ten-year prescriptive period will begin to run. Benchmark's and Holder's summary judgment motion must be denied as a matter of law.

### Conclusion

Bank of America's third-party claim alleges that Third-Party Defendants' negligence or wrongful acts caused the harm suffered by Plaintiff Alicia Oakes. Bank of America's claim prays for indemnification or contribution from Third-Party Defendants in the unlikely event judgment is awarded against Bank of America. Because Bank of America's third-party claim is solely for indemnification or contribution and is quasi-contractual in nature, it is subject to a ten-year prescriptive period. Consequently, the summary judgment motion filed by Third-Party Defendants Benchmark and Holder should be denied as a matter of law.

Dated:  January 17, 2012.

Respectfully Submitted:

*/s/ Raymond A. Chenault*
**Raymond A. Chenault (LA Bar #30438)**
**McGlinchey Stafford, PLLC**
1001 McKinney Street, Suite 1500
Houston, TX  77002
Telephone:  713.520.1900
Facsimile:  713.520.1025
rchenault@mcglinchey.com

**Angelina Christina (LA Bar #28530)**
**McGlinchey Stafford, PLLC**
601 Poydras Street, Suite 1200
New Orleans, Louisiana  70130
Telephone:  504.586.1200
Facsimile:  504.596.2800
achristina@mcglinchey.com

**ATTORNEYS FOR BANK OF AMERICA, N.A;**
successor by merger to BAC Home Loans
Servicing, LP f/k/a Countrywide Home Loans
Servicing, LP

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of January, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Raymond A. Chenault

964124.1