# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALICIA OAKES | CIVIL ACTION |
| VERSUS | NO: 07-9743 |
| COUNTRYWIDE HOME LOANS, INC. | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Ark-La-Tex Financial Services, LLC's and Patrick Holder's Motion for Summary Judgment (Doc. #148) is **DENIED.**

## BACKGROUND

Third-party defendants, Ark-La-Tex Financial Services, LLC d/b/a Benchmark ("Benchmark") and Patrick Holder, filed a motion for summary judgment seeking dismissal of the defendants' and third-party plaintiffs' claims against them. Benchmark and Holder argue that the defendants and third-party plaintiffs, BAC Home Loans servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("Countrywide"), Chad B. Ham, Audubon Title Company, and Bell Title Company, cannot sustain claims against them for contribution and indemnity because the plaintiff's claims against the defendants and third-party plaintiffs are prescribed.

Plaintiff, Alicia Oaks, owned property in Indiana and in Louisiana. Countrywide was the mortgage servicer for both properties. In March 2006, plaintiff decided to refinance the Louisiana property. She chose Benchmark and loan officer Patrick Holder to originate the new mortgage, and attorney Ham to handle the closing through Audubon Title and Bell Title.

On March 21, 2006, Benchmark and Holder provided Ham with a page from plaintiff's credit report with loan number 7298843 circled, and instructed Ham to obtain payoff information for that loan. Loan number 7298843 represents plaintiff's Indiana property, and the payoff amount was $105,642.25.

On March 31, 2006, Ham, through Audubon Title, initiated a wire transfer of $105,642.25 in plaintiff's name stating that it was to be applied to the Louisiana property, but referencing the payoff of loan number 72988423, the loan number of the Indiana property. Countrywide applied the funds, the exact amount required to satisfy the note on the Indiana property, to loan number 72988423.

In early April 2006, plaintiff received a letter from Countrywide notifying her that the Indiana property had been paid off. Ham notified Countrywide of the mistake. Countrywide allegedly returned the money to Ham, and Ham executed an indemnification agreement in favor of Countrywide. In August 2006, plaintiff and Ham had a telephone conference with a Countrywide employee. Plaintiff claims that the Countrywide employee offered to resolve the problem with no penalties to plaintiff, but after discussing the matter with a supervisor, rescinded the offer and demanded plaintiff pay a $1,000 penalty, plus six months of interest, penalties, and back-payments.

Plaintiff filed this suit against Countrywide in the Civil District Court, Parish of Orleans, State of Louisiana on May 1, 2007. Countrywide removed the action to the United States District Court for the Eastern District of Louisiana on December 21, 2007. Plaintiff alleges that Countrywide's actions constitute fraud, negligence, and unfair trade practices. Countrywide filed a third-party complaint against Ham for indemnification pursuant to the indemnification contract.

Countrywide also alleged that Ham was negligent, and that he is liable to it for detrimental reliance. Further, plaintiff amended her complaint to include Ham as a defendant, alleging that she did not know about the indemnification agreement between Ham and Countrywide, and that Ham has not accounted for the funds that he allegedly received from Countrywide.

On January 18, 2011, Countrywide filed an amended third-party complaint adding Benchmark and Holder as third-party defendants. Countrywide alleges that, if it is found liable to plaintiff, Benchmark and Holder owe it contribution and indemnity because their negligence caused plaintiff's damages. Similarly, on January 21, 2011, Ham, Audubon Title, and Bell Title filed a third-party complaint against Benchmark and Holder alleging that, if they are found liable to plaintiff, Benchmark and Holder owe them contribution and indemnity because Benchmark's and Holder's negligence caused plaintiff's damages.

Plaintiff filed a supplemental and amended complaint seeking to assert claims against Benchmark and Holder, stating the she reiterates and re-alleges the allegations of her previous complaints and incorporates the third-party complaints against Benchmark and Holder as those pleadings pertain to Benchmark's and Holder's liability to her. The court granted Benchmark's and Holder's motions to dismiss finding that plaintiff did not plead enough facts to state claims for relief against them that were plausible on their face (Docs. #106, 132).

On December 27, 2011, Benchmark and Holder filed motions for summary judgment regarding the third-party complaints against them.

3

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.  Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Benchmark's and Holder's Motion for Summary Judgment**

Benchmark and Holder argue that defendants and third-party plaintiffs cannot sustain actions against them for contribution and indemnity because plaintiff's claims against the defendants and third-party plaintiffs are prescribed.  Benchmark and Holder contend that plaintiff's claims against the defendants and third-party plaintiffs sound in tort, and are subject to a one year prescriptive period, and that plaintiff knew about the injury, the misapplication of the funds, more than one year before she filed suit.  Thus, Benchmark and Holder argue that the defendants and third-party

plaintiffs cannot sustain their derivative claims for contribution and indemnity against the third-party defendants.

Ham, Audubon Title, and Bell Title argue that Benchmark and Holder are not entitled to summary judgment regarding the third-party claims because plaintiff's claims against the defendants are not prescribed. They argue that plaintiff was not damaged by the application of the money to the wrong loan until August 2006 when Countrywide demanded payment of a $1,000 penalty, plus six months of interest, penalties, and back-payments. Countrywide argues that its claims against Benchmark and Holder are subject to a ten year liberative prescription, and are not prescribed.

Under Louisiana law, a cause of action accrues when a party has the right to sue, which requires fault, causation, and damages. Ebinger v. Venus Constr. Corp., 65 So.3d 1279, 1286 (La. 2011) (citing Bourgeois v. A.P. Green Indus., Inc., 783 So. 2d 1251. 1259 (La. 2001); Owens v. Martin, 449 So. 2d 448, 451 (La. 1984)). Prescription commences when a cause of action accrues. Bailey v. Khoury, 891 So. 2d 1268, 1283 (La. 2005).

Indemnity is an action for reimbursement that "'may lie when one party discharges a liability which another rightfully should have assumed.'" Ebinger, 65 So.3d at 1286 (quoting Nassif v. Sunrise Homes, 739 So. 2d 183, 185 (La. 1999)). The cause of action does not accrue unless and until the third-party plaintiff is cast in judgment, because it has not discharged a liability for which to seek reimbursement from the third-party defendant. Id. Although a third-party demand for indemnity is contingent upon the result of the main demand, it is a separate substantive cause of action that is independent of the underlying cause of action. Id. at 1286-87 (citing Nassif, 739 So.2d at 186; Burns v. McDermott, Inc., 665 So.2d 76, 79 (La. Ct. App. 1995)). Indemnity is a quasi-

5

contractual cause of action that is subject to a liberative prescription of ten years. <u>Minyard v. Curtis Prods., Inc.</u>, 205 So.2d 422, 431 (La. 1968); LA. CIV. CODE art. 3499.

Defendants and third-party plaintiffs have not been cast in judgment to plaintiff. Therefore, their third-party claims against Benchmark and Holder for indemnity, which are separate substantive causes of action, have not yet accrued and are not prescribed, and Benchmark's and Holder's motion for summary judgment is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Ark-La-Tex Financial Services, LLC's and Patrick Holder's Motion for Summary Judgment (Doc. #148) is **DENIED**.

New Orleans, Louisiana, this   1st   day of March, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**